UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB MINARD, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-11952 |
| ) | |
| v. ) | |
| ) | |
| CRRC SIFANG AMERICA ) | |
| INCORPORATED, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Jacob Minard ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against CRRC Sifang America Incorporated ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b), insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. On July 23, 2025, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 440-2025-10100) (attached as Exhibit "A").

6. On August 12, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff (attached as Exhibit "B").

7. Plaintiff filed this lawsuit within 90 days of receipt of the EEOC Right to Sue.

## PARTIES

8. Plaintiff, Jacob Minard, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resides in Cook County, Illinois.

9. Defendant, CRRC Sifang America Incorporated, whose address is 5123 Pearl St, Schiller Park, IL 60176, is a corporation specializing in railcar manufacturing that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff was employed by defendant as an Assistant Field Engineer from in or around February 2023 until on or about July 9, 2025.

13. Plaintiff performed his job duties satisfactorily throughout his employment, as

evidenced by his positive performance reviews and the lack of writeups in his employee file.

14. Plaintiff is a qualified individual with a disability.

15. Specifically, Plaintiff suffers from sleep apnea, a physical impairment that substantially limits major life activities.

16. Regardless of Plaintiff's disability, Plaintiff was qualified and able to perform the essential functions of his job with or without accommodation.

17. In or around November 2024, plaintiff received a verbal warning for allegedly sleeping on the job.

18. Plaintiff was surprised to receive this warning, as at the time, he was not aware that he would fall asleep suddenly and without warning.

19. Plaintiff would fall asleep without realizing it, and would only become aware when someone would tell him that he had dozed off.

20. Therefore, Plaintiff became concerned that he could not stop unintentionally and suddenly falling asleep.

21. In January 2025, Plaintiff underwent a sleep study to understand what was happening, as he was also experiencing extreme fatigue and having trouble sleeping properly at night.

22. Following the sleep study, plaintiff was diagnosed with sleep apnea, a physical impairment that substantially limits Plaintiff's major life activities of sleeping, working, and caring for himself.

23. Plaintiff promptly informed his direct supervisor, Ryan Derdan (Director), of his sleep apnea diagnosis.

24. Thus, Defendant was on notice of Plaintiff's disability.

25. Plaintiff informed Defendant that he may occasionally doze off while on the job as he learned to manage his disability, and requested understanding during this period- effectively a request for reasonable accommodation.

26. Despite being aware of plaintiff's newly diagnosed disability and the need for accommodations, Defendant failed to engage in an interactive process to determine appropriate reasonable accommodations for Plaintiff's disability.

27. Granting Plaintiff this reasonable accommodation would not have interfered with the performance of Plaintiff's job duties, as there was significant downtime between Plaintiff working on and servicing trains.

28. Notably, non-disabled employees often intentionally fell asleep in between servicing trains, yet they were never disciplined or reprimanded for doing so.

29. In or around May 2025, despite having disclosed his sleep apnea diagnosis, Plaintiff received another verbal warning for allegedly falling asleep on the job.

30. Other employees without diagnosed medical conditions who occasionally fell asleep during periods of downtime were never reprimanded or disciplined.

31. On or about July 9, 2025, defendant terminated plaintiff's employment, citing alleged performance issues and sleeping on the job as the reasons for termination.

32. At the time of his termination, Plaintiff was struggling to manage his sleep apnea due to difficulties using his CPAP machine, which Defendant was aware of.

33. Thus, Defendant terminated Plaintiff explicitly on the basis of his disability and his request for accommodation.

34. Plaintiff was terminated on the basis of his disability, and in retaliation for engaging in protected activity, as described above.

35. Plaintiff was singled out and treated differently than similarly situated employees who did not have a disability.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

38. Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

40. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

42. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

45. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

47. Defendant knew or should have known of the harassment.

48. The disability-based harassment was severe or pervasive.

49. The disability-based harassment was offensive subjectively and objectively.

50. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

53. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

55. Plaintiff is a qualified individual with a disability.

56. Defendant was aware of the disability, sleep apnea, and the need for accommodations.

57. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

58. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

59. Defendant did not accommodate Plaintiff's disability.

60. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

61. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

63. Plaintiff repeats and re-alleges paragraphs 1–35 as if fully stated herein as if fully set forth herein.

64. Plaintiff engaged in protected activity during his employment with Defendant.

65. Specifically, Plaintiff disclosed his disability and implicitly requested accommodation by informing his supervisor of his sleep apnea diagnosis and need for

understanding if he were to unintentionally fall asleep on the job.

66. Plaintiff suffered an adverse employment action, specifically termination of employment on or about July 9, 2025.

67. There was a causal connection between the protected activity and the adverse action.

68. Defendant terminated Plaintiff shortly after he disclosed his disability and requested reasonable accommodations.

69. Defendant's stated reason for termination was directly related to the symptoms of Plaintiff's disclosed disability.

70. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay and benefits recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of September, 2025.

                                                  */s/ Nathan C. Volheim*
                                                  **NATHAN C. VOLHEIM, ESQ.**
                                                  IL Bar No.: 6302103
                                                  SULAIMAN LAW GROUP, LTD.
                                                  2500 South Highland Avenue
                                                  Suite 200
                                                  Lombard, Illinois 60148
                                                  Phone (630) 575-8180
                                                  Fax (630) 575-8188
                                                  nvolheim@sulaimanlaw.com
                                                  *Attorney for Plaintiff*