**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACOB MINARD, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-11952 |
| vs. | ) | |
| | ) | |
| CRRC SIFANG AMERICA | ) | Honorable Andrea R. Wood |
| INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant CRRC Sifang America Incorporated ("Defendant" or "CRRC"), by and through

its attorneys James D. Thomas and Elliot R. Slowiczek of Jackson Lewis P.C., for its Answer to

Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended
   ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's
   disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's
   retaliation against Plaintiff for engaging in protected activity under the ADA.

**ANSWER:** CRRC admits that Plaintiff brings this action pursuant to the Americans with

Disabilities Act. Except as expressly admitted herein, CRRC denies the remaining allegations set

forth in this Paragraph.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized
   and instituted pursuant to 42 U.S.C. §12101 et seq.

**ANSWER:** CRRC admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1331. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in

this Paragraph.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b), insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER:** CRRC admits venue is proper in this judicial district. Except as expressly admitted

herein, CRRC denies the remaining allegations set forth in this Paragraph.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or have been complied with.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response

is required. To the extent a response is required, CRRC denies the allegations set forth in this

Paragraph.

5. On July 23, 2025, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 440-2025-10100) (attached as Exhibit "A").

**ANSWER:** CRRC admits that Plaintiff filed a Charge of Discrimination with the EEOC. CRRC

lacks knowledge or information sufficient to form a belief about the remaining allegations set forth

in this Paragraph.

6. On August 12, 2025, the EEOC issued a Notice of Right to Sue Plaintiff (attached as Exhibit "B").

**ANSWER:** CRRC admits the allegations set forth in this Paragraph.

7. Plaintiff filed this lawsuit within 90 days of receipt of the EEOC Right to Sue.

**ANSWER:** CRRC admits the allegations set forth in this Paragraph.

## PARTIES

8. Plaintiff, Jacob Minard, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resides [*sic*] in Cook County.

**ANSWER:** CRRC admits that Plaintiff "is a natural person, over 18-years-of-age." CRRC lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in this Paragraph.

9. Defendant, CRRC Sifang America Incorporated, whose address is 5123 Pearl St., Shiller Park, IL 60176, is a corporation specializing in railcar manufacturing that at times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

**ANSWER:** CRRC admits that it is a rail car manufacturer, that it did business in Cook County, Illinois at the times relevant to this Complaint, and that it maintains an office at 5123 Pearl St., Schiller Park, Illinois. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in this Paragraph.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(5)(A).

**ANSWER:** CRRC admits the allegations set forth in this Paragraph.

11. During the applicable limitations period, Defendant had at least fifteen employees, has been an "employer" as defined by ADA and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER:** CRRC admits the allegations set forth in this Paragraph.

## BACKGROUND FACTS

12. Plaintiff was employed by defendant as an Assistant Field Engineer from in or around February 2023 until on or about July 9, 2025.

**ANSWER:** CRRC admits that Plaintiff received an offer of employment on January 23, 2023, with a start date of February 13, 2023, as an Assistant Field Engineer and that CRRC lawfully terminated Minard's employment effective July 9, 2025.

13. Plaintiff performed his job duties satisfactorily throughout his employment, as evidenced by his positive performance reviews and the lack of writeups in his employee file.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

14. Plaintiff is a qualified individual with a disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

15. Specifically, Plaintiff suffers from sleep apnea, a physical impairment that substantially limits major life activities.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response is required. To the extent a response is required, CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

16. Regardless of Plaintiff's disability, Plaintiff was qualified and able to perform the essential functions of his job, with or without accommodation.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response is required. To the extent a response is required, CRRC denies the allegations set forth in this Paragraph.

17. In or around November 2024, Plaintiff received a verbal warning for allegedly sleeping on the job.

**ANSWER:** CRRC admits that it reprimanded Plaintiff several times in 2024 and 2025 for sleeping on the job and for various performance issues. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in this Paragraph.

18. Plaintiff was surprised to receive this warning, as at the time, he was not aware that he would fall asleep suddenly and without warning.

**ANSWER:** CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

19. Plaintiff would fall asleep without realizing it, and would only become aware when someone would tell him that he had dozed off.

**ANSWER:** CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

20. Therefore, Plaintiff became concerned that he could not stop unintentionally and suddenly falling asleep.

**ANSWER:** CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

21. In January 2025, Plaintiff underwent a sleep study to understand what was happening, as he was also experiencing extreme fatigue and having trouble sleeping properly at night.

**ANSWER:** CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

22. Following the sleep study, Plaintiff was diagnosed with sleep apnea, a physical impairment that substantially limits Plaintiff's major life activities of sleeping, working, and caring for himself.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response is required. To the extent a response is required, CRRC lacks knowledge or information sufficient to form a belief about the allegations set forth in this Paragraph.

23. Plaintiff promptly informed his direct supervisor, Ryan Derdan (Director), of his sleep apnea diagnosis.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

24. Thus, Defendant was on notice of his disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

25. Plaintiff informed Defendant that he may occasionally doze off while on the job as he learned to manage his disability, and requested understanding during this period – effectively a request for reasonable accommodation.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response is required. To the extent a response is required, CRRC denies the allegations set forth in this Paragraph.

26. Despite being aware of Plaintiff's newly diagnosed disability and the need for accommodations, Defendant failed to engage in an interactive process to determine appropriate reasonable accommodations for Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

27. Granting Plaintiff this reasonable accommodation would not have interfered with the performance of Plaintiff's job duties, as there was significant downtime between Plaintiff working on and servicing trains.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

28. Notably, non-disabled employees often intentionally fell asleep in between servicing trains, yet they were never disciplined or reprimanded for doing so.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

29. In or around May 2025, despite having disclosed his sleep apnea diagnosis, Plaintiff received yet another verbal warning for allegedly falling asleep on the job.

**ANSWER:** CRRC admits that it issued Plaintiff a reprimand on May 21, 2025, for sleeping on the job and for various performance issues. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in this Paragraph.

30. Other employees without diagnosed medical conditions who occasionally fell asleep during periods of downtime were never reprimanded or disciplined.

**ANSWER:** CRRC denies the allegations in this Paragraph.

31. On or about July 9, 2025, Defendant terminated Plaintiff's employment, citing alleged performance issues and sleeping on the job for reasons of termination.

**ANSWER:** CRRC admits it terminated Plaintiff's employment on July 9, 2025, for performance issues, including sleeping on the job. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in this Paragraph.

32. At the time of his termination, Plaintiff was struggling to manage his sleep apnea due to difficulties using his CPAP machine, which Defendant was aware of.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

33. Thus, Defendant terminated Plaintiff explicitly on the basis of his disability and his request for accommodation.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

34. Plaintiff was terminated on the basis of his disability, and in retaliation for engaging in protected activity, as described above.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

35. Plaintiff was singled out and treated differently than similarly situated employees who did not have a disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

### COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

**ANSWER:** CRRC restates its responses to the above-referenced Paragraphs herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq.*

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

38. Plaintiff met or exceeded performance expectations.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

40. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

42. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

43. Plaintiff acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of employment of life.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

## COUNT II
## Violation of Americans with Disabilities Act
## (Disability-Based Harassment)

45. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

**ANSWER:** CRRC re-states its responses to the above-referenced Paragraphs herein.

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12101, *et seq*.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

47. Defendant knew or should have known of the harassment.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

48. The disability-based harassment was severe or pervasive.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

49. The disability-based harassment was offensive subjectively and objectively.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

50. Plaintiff is a member of a protected class under the Americans with Disability [Act] of 1990, as amended, 42 U.S.C. Section 12101 *et seq*, due to Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

52. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of employment of life.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

## COUNT III
## Violation of Americans with Disabilities Act
## (Failure to Accommodate)

53. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

**ANSWER:** CRRC re-states its responses to the above-referenced Paragraphs herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12101, *et seq*.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

55. Plaintiff is a qualified individual with a disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

56. Defendant was aware of the disability, sleep apnea, and the need for accommodations.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

57. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

58. Plaintiff's reasonable accommodations that were requested was [*sic*] not an undue burden on the Defendant.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

59. Defendant did not accommodate Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

60. Plaintiff is a member of a protected class under [the] Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12101 *et seq*, due to Plaintiff's disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

61. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

62. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of employment of life.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

63. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

**ANSWER:** CRRC re-states its responses to the above-referenced Paragraphs herein.

64. Plaintiff engaged in protected activity during his employment with Defendant.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

65. Specifically, Plaintiff disclosed his disability and implicitly requested [an] accommodation by information [*sic*] his supervisor of his sleep apnea diagnosis and the need for understanding if he were to unintentionally fall asleep.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

66. Plaintiff suffered an adverse employment action, specifically termination of employment on or about July 9, 2025.

**ANSWER:** CRRC objects to this Paragraph as it sets forth a legal conclusion to which no response is required. To the extent a response is required, CRRC admits that it terminated Plaintiff on July 9, 2025. Except as expressly admitted herein, CRRC denies the remaining allegations set forth in this Paragraph.

67. There was a causal connection between the protected activity and the adverse action.

**ANSWER:** CRRC objects to this Paragraph as it states a legal conclusion to which no response is required. To the extent a response is required, CRRC denies the allegations set forth in this Paragraph.

68. Defendant terminated Plaintiff shortly after he disclosed his disability and requested reasonable accommodations.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

69. Defendant's stated reason for termination was directly related to the symptoms of Plaintiff's disclosed disability.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

70. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of employment of life.

**ANSWER:** CRRC denies the allegations set forth in this Paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

1. Any and all actions taken by CRRC affecting Plaintiff were taken for reasons other than Plaintiff's alleged disability.

11

2. Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have been earned, during the period for which Plaintiff seeks lost wages and benefits. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's claims must be reduced.

3. Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of his employment.

4. Plaintiff never requested or sought a reasonable accommodation nor did he ever give CRRC any notice of a recognized disability.

Dated: November 12, 2025                                      Respectfully submitted,

                                                             By: /s/ James D. Thomas
                                                                 One of Its Attorneys

James D. Thomas
Elliot R. Slowiczek
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
James.Thomas@jacksonlewis.com
Elliot.Slowiczek@jacksonlewis.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, certifies that on November 12, 2025, he caused a true and correct copy of the foregoing **Defendant's Answer to Plaintiff's Complaint** to be filed with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to those registered on the Court's CM/ECF system.


By: */s/ James D. Thomas* _____
 One of Defendant's Attorneys

13