UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB MINARD, | ) |
| | ) |
| Plaintiff, | ) Case: 1:25-cv-11952 |
| | ) |
| v. | ) Judge Andrea R. Wood |
| | ) |
| CRRC SIFANG AMERICA INCORPORATED, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## JOINT INITIAL STATUS REPORT

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b).

1. **Nature of the Case**
    a. A. Identify the attorneys of record for each party, including the lead trial attorney.

| | |
|---|---|
| **NATHAN C. VOLHEIM, ESQ. (Lead)**<br>**SOPHIA K. STEERE, ESQ.**<br>**SULAIMAN LAW GROUP, LTD.**<br>2500 South Highland Avenue, Suite 200<br>Lombard, Illinois 60148<br>Tel.: (331) 307-7634<br>ssteere@atlaslawcenter.com<br>nvolheim@atlaslawcenter.com<br>*Attorneys for Plaintiff* | **JAMES D. THOMAS (Lead)**<br>**ELLIOT R. SLOWICZEK**<br>**JACKSON LEWIS P.C.**<br>150 North Michigan Avenue, Suite 2500<br>Chicago, IL 60601<br>Tel.: (312) 787-4949<br>James.Thomas@jacksonlewis.com<br>Elliot.Slowiczek@jacksonlewis.com<br>*Attorneys for Defendant* |

   b. **Identify any parties that have not yet been served.**
      All parties have been served in this matter.

   c. **State the basis for federal jurisdiction.** If jurisdiction over any claims is based on diversity or supplemental jurisdiction:
      i. **state whether and, if so, why the amount in controversy exceeds the $75,000 jurisdictional threshold:**
      ii. **identify the state of citizenship of each named party.** For unincorporated associations, LLCs, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

> **NOTE: The report must address whether there is diversity of citizenship in any case in which supplemental jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.**

Plaintiff alleges that subject matter jurisdiction exists as this lawsuit arises under the laws of the United States, including the Americans with Disabilities Act of 1990, as amended. The Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331.

d. **Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

This lawsuit arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), seeking redress for Plaintiff's claims of discrimination on the basis of disability, failure to accommodate said disability, and retaliation for engaging in protected activity.

e. **State the major legal and factual issues in the case.**

   i. Whether Plaintiff is a member of a protected class(es);

   ii. Whether Plaintiff was performing at Defendant's legitimate expectations;

   iii. Whether Plaintiff suffered an adverse employment action;

   iv. Whether Defendant treated similarly situated employees outside of Plaintiff's protected class(es) more favorably;

   v. Whether Defendant's decision to terminate Plaintiff's employment was pretextual;

   vi. Whether Plaintiff had a disability under the ADA and whether Defendant was aware of the alleged disability;

   vii. Whether Plaintiff is qualified to perform the essential functions of their job, with or without reasonable accommodation;

   viii. Whether Plaintiff engaged in protected activity;

   ix. Whether the decisionmaker(s) were aware of Plaintiff's alleged protected activity;

   x. Whether the protected activity and adverse employment action are causally connected.

f. **Describe the relief sought**

   i. Back pay;

   ii. Payment of interest on all back pay recoverable;

   iii. Front pay;

   iv. Loss of benefits;

      v. Compensatory and punitive damages;

      vi. Reasonable attorneys' fees and costs;

      vii. Award pre-judgment interest if applicable; and

      viii. Award Plaintiff any and all other such relief as the Court deems just and proper.

2. **Case Plan**
   a. **Identify all pending motions.**
      There are no pending motions at this time.

   b. **State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**
      Defendant filed an Answer to Plaintiff's Complaint on November 12, 2025.

   c. **Submit a proposed discovery plan, including the following information:**
      i. **the general type of discovery needed:** The parties anticipate the need for written and oral discovery regarding the key legal and factual issues in the matter.

      ii. **whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced:** The parties anticipate that discovery will include ESI and do not anticipate any issues at this time.

      iii. **any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d):** Although discovery has not yet been served, Defendant anticipates that a confidentiality order consistent with this Court's model order will be necessary. Defendant will propose language to address inadvertent disclosures under FRE 502(d).

      iv. **the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made:** December 9, 2025

      v. **the date by which the parties will complete fact discovery:** June 12, 2026

      vi. **whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed:** At this time, the parties do not anticipate expert discovery, but reserve the right to set a schedule at a later date if necessary.

vii. **what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted:** None at this time.

viii. **the date by which the parties must file any dispositive motions:** July 31, 2026.

d. **State whether there has been a jury demand and the estimated length of the trial.**
Plaintiff has filed a jury demand. The parties anticipate the probable length of trial will be 3-4 days.

3. **Settlement**
   a. **State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.** Settlement discussions are ongoing.

   b. **State whether the parties believe that a settlement conference would be productive at this time.** The parties do not believe that a settlement conference would be productive at this time.

4. **Consent to Proceed Before a Magistrate Judge**
   a. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.** Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to that procedure.

Respectfully submitted,

Dated this 25th day of November, 2025.

| */s/Sophia K. Steere* | */s/ James D. Thomas  (With Consent)* |
|---|---|
| **SOPHIA K. STEERE, ESQ.** | **JAMES D. THOMAS** |
| **NATHAN C. VOLHEIM, ESQ.** | **ELLIOT R. SLOWICZEK** |
| **SULAIMAN LAW GROUP, LTD.** | **JACKSON LEWIS P.C.** |
| 2500 South Highland Avenue, Suite 200 | 150 North Michigan Avenue, Suite 2500 |
| Lombard, Illinois 60148 | Chicago, IL 60601 |
| (331) 307-7634 | |
| ssteere@atlaslawcenter.com | |

| | |
|---|---|
| nvolheim@atlaslawcenter.com<br>*Counsel for Plaintiff* | Tel.: (312) 787-4949<br>James.Thomas@jacksonlewis.com<br>Elliot.Slowiczek@jacksonlewis.com<br>*Counsel for Defendant,* |

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 25th day of November, 2025, a true and correct copy foregoing has been provided electronically via electronic mail and/or via U.S. mail to following:

James D. Thomas
Elliot Slowiczek
Jackson Lewis P.C.
150 N. Michigan Ave., Ste. 2500
Chicago, IL 60601
312-787-4949
James.Thomas@Jacksonlewis.com
Elliot.Slowiczek@Jacksonlewis.com
*Attorneys for Defendant*

              */s/Sophia K. Steere*
              **SOPHIA K. STEERE, ESQ.**